**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore**

Civil Action No. 16-cv-02227-RM-KMT

THE ESTATE OF ROBERT VALLINA;
JUAN J. VALLINA, personally; and
MARTHA VALLINA, personally and as personal representative of the Estate of Robert Vallina, deceased,

 Plaintiffs,

v.

DR. GABRIELA L. PETRESCU, M.D., in her official and individual capacities,

 Defendant.

---

## ORDER
---

 This matter is before the Court on the April 20, 2017, Recommendation and Order of United States Magistrate Judge (the "Recommendation") (ECF No. 37), recommending the following: granting in part and denying in part Defendant Petrescu's ("Defendant") Motion to Dismiss (ECF No. 15). Defendant Petrescu filed "Objections to Recommendation of United States Magistrate Judge" (the "Objection"). (ECF No. 38). Plaintiffs filed a response (ECF No. 39) to Defendant's Objection but did not file objections of their own. The Recommendation and Objection are now ripe for determination.

### I. BACKGROUND AND PROCEDURAL HISTORY

 The Court has reviewed the Background and Procedural History set forth in the Recommendation and finds they accurately reflect the record. The Background and Procedural History are accepted and incorporated herein by reference. Nonetheless, the Court sets forth a summary.

In May 2014, Robert Vallina ("decedent") was incarcerated at the Teller County Detention Center ("TCDC"). In July 2014, decedent was transferred to Colorado Mental Health Institute – Pueblo ("CMHIP") for a competency evaluation for trial. Defendant, who Plaintiffs allege was decedent's treating psychiatrist, did not have any records from decedent's past medical history. While at CMHIP, decedent denied any suicidal ideations and maintained a relatively stable demeanor.

On August 29, 2014, after decedent's competency evaluation was complete, decedent was transferred back to TCDC. TCDC personnel concluded that decedent was a substantial risk of harm to himself, so he was put on suicide watch. However, on September 2, 2014, decedent took his own life while in his cell.

Plaintiffs originally brought suit against William May, Dr. Patrick Fox, CMHIP, Dr. Petrescu, and Laura Palma (ECF No. 11), alleging an Eighth Amendment violation and a Fourteenth Amendment violation. *Id.* Additionally, Plaintiffs alleged a medical malpractice claim and a negligence claim against Dr. Petrescu. *Id.* However, Plaintiffs ultimately dismissed all claims against May, Fox, CMHIP, and Palma. (ECF No. 36). This leaves Dr. Petrescu as the sole remaining defendant.[1]

Defendant filed a motion to Dismiss asserting Eleventh Amendment immunity, governmental immunity, failure to allege personal participation, and qualified immunity. (ECF No. 15 at 3-10). Plaintiffs responded (ECF No. 24), and Defendant filed a reply. (ECF No. 31). On April 20, 2017, Magistrate Judge Tafoya entered her Recommendation, which granted in part and denied in part Defendant's Motion to Dismiss. (ECF No. 37). Defendant timely filed an Objection to the Recommendation (ECF No. 38), and Plaintiffs responded to the Objection (ECF

---

[1] As the other parties were dismissed, Dr. Petrescu is referred to as "Defendant" throughout the rest of the Order.

No. 39), but did not file any objections of their own. With this background in mind, the Court addresses the Recommendation and Objection.

## II. LEGAL STANDARD

### A. Review of a Magistrate Judge's Report and Recommendation

When a magistrate judge issues a recommendation on a dispositive matter, Federal Rule of Civil Procedure 72(b)(3) requires the district court judge to "determine de novo any part of the magistrate judge's [recommendation] that has been properly objected to." In conducting its review, "[t]he district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3). An objection is proper if it is filed within fourteen days of the magistrate judge's recommendations and specific enough to enable the "district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *United States v. 2121 East 30th Street*, 73 F.3d 1057, 1059 (10th Cir. 1996) (quoting *Thomas v. Arn*, 474 U.S. 140, 147 (1985)). The district judge need not, however, consider arguments not raised before the magistrate judge. *United States v. Garfinkle*, 261 F.3d 1030, 1031 (10th Cir. 2001) ("In this circuit, theories raised for the first time in objections to the magistrate judge's report are deemed waived.").

In the absence of a timely and specific objection, "the district court may review a magistrate's report under any standard it deems appropriate." *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991); *see also* Fed. R. Civ. P. 72 Advisory Committee's Note ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."). And, where a claim is dismissed on two or more independent grounds, the plaintiff must contest each of those grounds. *See Lebahn v. Nat'l*

*Farmers Union Unif. Pension Plan*, 828 F.3d 1180, 1188 (10th Cir. 2016). If the plaintiff fails to do so, the court may affirm on the ground which the plaintiff failed to challenge. *Id.*

**B. Motions to Dismiss**

**1. Fed. R. Civ. P. 12(b)(1)**

Motions to dismiss under Rule 12(b)(1) are, generally, either a facial attack on the complaint's allegations as to the existence of subject matter jurisdiction or a factual attack which goes beyond the allegations and challenges the facts on which subject matter jurisdiction is based. *Stuart v. Colo. Interstate Gas Co.*, 271 F.3d 1221, 1225 (10th Cir. 2001). A facial attack challenging the sufficiency of the complaint requires the court to accept the allegations of the complaint as true. *Stuart*, 271 F.3d at 1225; *Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir.1995) (internal citation omitted). A factual attack affords the district court "'wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts.'" *Stuart*, 271 F.3d at 1225 (quoting *Holt*, 46 F.3d at 1003). Such reference to evidence outside the pleadings does not convert the Rule 12(b)(1) motion to a Rule 56 motion for summary judgment. *Stuart*, 271 F.3d at1225.

**2. Fed. R. Civ. P. 12(b)(6)**

In evaluating a motion to dismiss under Rule 12(b)(6), a court must accept as true all well-pleaded factual allegations in the complaint, view those allegations in the light most favorable to the plaintiff, and draw all reasonable inferences in the plaintiff's favor. *Brokers' Choice of America, Inc. v. NBC Universal, Inc.*, 757 F.3d 1125, 1135–36 (10th Cir. 2014); *Mink v. Knox*, 613 F.3d 995, 1000 (10th Cir. 2010). Conclusory allegations are insufficient. *See Cory v. Allstate Ins.*, 583 F.3d 1240, 1244 (10th Cir. 2009). Instead, in the complaint, the plaintiff must allege a "plausible" entitlement to relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544,

555–556 (2007). A complaint warrants dismissal if it fails "*in toto* to render plaintiffs' entitlement to relief plausible." *Twombly*, 550 U.S. at 569 n.14 (italics in original). "In determining the plausibility of a claim, we look to the elements of the particular cause of action, keeping in mind that the Rule 12(b)(6) standard does not require a plaintiff to set forth a prima facie case for each element." *Safe Streets Alliance v. Hickenlooper*, 859 F.3d 865, 878 (10th Cir. 2017) (citation, internal quotation marks, and alteration omitted).

### III. ANALYSIS

#### A. Matters to which there are no Objections

The Magistrate Judge made some recommendations to which no objections have been filed. Those recommendations are as follows:

(1) to grant Defendant's Motion to Dismiss as to Count I based on failure to state a claim;

(2) to grant Defendant's Motion to Dismiss as to Count II based on the Colorado Governmental Immunity Act;

(3) to grant Defendant's Motion to Dismiss as to the official capacity claim in Count III based on lack of subject matter jurisdiction under the Eleventh Amendment;

(4) to grant Defendant's Motion to Dismiss as to Count IV based on the Colorado Governmental Immunity Act.

The Court has considered the recommendations and, after finding no clear error, ACCEPTS all of such recommendations.

#### B. Objection to Denial of Qualified Immunity

The Magistrate Judge recommends denial of Defendant's Motion to Dismiss on the individual capacity claim in Count III by finding that Defendant is not entitled to the affirmative defense of qualified immunity.

5

The recommendation to deny dismissal of the individual capacity claim on Plaintiffs' Count III based on 42 U.S.C. § 1983 for alleged violations of decedent's Fourteenth Amendment rights was founded on (1) Defendant's alleged violation of decedent's constitutional right; and (2) the determination that decedent's right was clearly established at the time of Defendant's alleged misconduct.

"The doctrine of qualified immunity protects government officials from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (internal quotation marks and citation omitted). To resolve a claim of qualified immunity, the Court must consider two elements: (1) whether a constitutional violation occurred, and (2) whether the right violated was "clearly established" at the time of the violation. *Id*. at 230-31. The Court may "exercise [its] sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand." *Id*. at 236; *accord Brown v. Montoya*, 662 F.3d 1152, 1164 (10th Cir. 2011). "Qualified immunity is applicable unless the plaintiff can satisfy both prongs of the inquiry." *Herrera v. City of Albuquerque*, 589 F.3d 1064, 1070 (10th Cir. 2009).

### a) First Objection – Plaintiffs failed to establish Defendant violated the Fourteenth Amendment

Defendant argues the Magistrate Judge erred in determining that she was 'deliberately indifferent' to decedent's medical needs. Defendant argues that while her treatment might, arguably, have been negligent, it did not rise to a level that would constitute 'deliberate indifference.' (ECF No. 38 at 4-5). Defendant cites various cases finding that negligent diagnosis or treatment and medical malpractice do not warrant a constitutional violation. *Id.* at 5.

6

Defendant further argues that decedent denied suicidal ideations and that Defendant was not in possession of any of decedent's prior medical records. *Id.* These arguments collectively fail.

The Magistrate Judge correctly established that the Fourteenth Amendment is governed by the analytic framework of the Eighth Amendment[2] and that deliberate indifference to serious medical needs constitutes a violation of those rights. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). While the Magistrate Judge did not delve into significant detail in the section regarding qualified immunity, she did elaborate briefly in the preceding section when discussing Defendant's personal participation. The Magistrate Judge determined that Plaintiffs sufficiently alleged deliberate indifference by claiming that Defendant spent approximately 75 minutes with decedent, failed to get decedent's prior medical records, and failed to speak with decedent's treating physician or family members. (ECF No. 10). The Court will not disturb the Magistrate Judge's determination regarding these matters.

Defendant also argues that because decedent was transferred back to TCDC that she was no longer decedent's "custodian" and, therefore, cannot be constitutionally liable. *Id.* at 6. This argument is unpersuasive as the Court finds that the import of Defendant's medical diagnosis and treatment do not cease the moment a person leaves sight of the medical professional.

Defendant then argues that the Magistrate Judge improperly shifted the burden to her to disprove a Fourteenth Amendment violation. *Id.* The Court does not agree. Plaintiffs' Complaint provided Defendant with the information as to how she allegedly violated the Fourteenth Amendment. Faced with that, Defendant could have moved that Plaintiffs' allegations do not establish that she was deliberately indifferent to decedent's needs. Rather, as the Magistrate Judge correctly determined, Defendant did not argue deliberate indifference in her opening brief and, therefore, cannot do so in a subsequent reply brief.

---

[2] *Lopez v. LeMaster*, 172 F.3d 756, 759 n.2 (10th Cir. 1999).

7

Defendant's objections in regards to whether she was 'deliberately indifferent' are overruled.

### b) Second Objection – Plaintiffs fail to show a clearly established right

Defendant argues that the Magistrate Judge erred in denying her qualified immunity by determining that decedent's right was clearly established by case law. This Court disagrees.

First, Defendant contends that the Magistrate Judge erred by "broadly rul[ing] that there is little doubt that deliberate indifference to an inmate's serious medical needs is a clearly established right." (ECF No. 38 at 8). To be sure, the Magistrate Judge correctly identifies that Plaintiffs have the burden to prove both parts of the qualified immunity test. But the qualified immunity analysis is "not merely a scavenger hunt for prior cases with precisely the same facts.[3]" (ECF No. 37 at 11-12). In fact, all that is required for the second prong is that there be "a Supreme Court or Tenth Circuit decision on point, or the clearly established weight of authority from other courts must have found the law to be as the plaintiff[s] maintain.[4]" In other words, the "more relevant inquiry" is "whether the law put officials on fair notice" that their actions were unconstitutional.[5] (ECF No. 37 at 12).

In her attempt to prevail at this stage, Defendant mutates the question of the case to whether a medical professional whose function it is to provide a competency exam also has a duty to go beyond that in the treatment and care of the patient. (ECF Nos. 15 at 10, 31 at 8). But that is not the question in this case as the complaint does not contain allegations regarding Defendant's treatment or care of decedent after he left CMHIP.[6] Nor does the complaint allege that Defendant's function was to perform a competency exam. Rather, the complaint alleges that

---

[3] *Pierce v. Gilchrist*, 359 F.3d 1279, 1298 (10th Cir. 2004).
[4] *Medina v. City & Cnty. of Denver*, 960 F.2d 1493, 1498 (10th Cir. 1992)
[5] *Pierce,* 359 F.3d 1279 at 1298.
[6] The Court does not propose an answer as to whether a medical professional's duty extends beyond the initial evaluation because that question is not at issue in this case as currently briefed.

8

Defendant was a treating professional who knew or should have known of decedent's mental health condition and suicidal propensities yet was deliberately indifferent and failed to provide adequate psychological and psychiatric care to decedent before his return to CMHIP. (ECF No. 11 at 9). Specifically, Plaintiffs allege that Defendant breached her duty by failing to provide care that even approached the accepted standard of care in the industry and that Defendant's failure to provide adequate medical care and her improper diagnosis were the proximate and legal cause of decedent's demise. *Id.*

To be clear, the Court is not now determining whether Defendant was or was not deliberately indifferent. As the Magistrate Judge correctly pointed out, the Defendant failed to argue the merits of deliberate indifference until her reply brief. (ECF No. 37 at 10). As such, her argument regarding the merits of deliberate indifference are waived. Instead, the Court determines whether the caselaw was clearly established that Defendant knew or should have known that a detainee with a mental health condition and a propensity for suicide must be given adequate psychiatric care for such. The Court finds that it is.

In order to support her claim that the law is not clearly established, Defendant cites cases relating to prisoner suicide and argues that Plaintiffs provided no cases with the same facts as the present case to show a clearly established right. (ECF No. 31 at 7-8). But Defendant again focuses on an issue formulated by her – whether "a psychiatrist who performed a competency evaluation" is liable for later events. That is not the claim. It is alleged that Defendant was decedent's "assigned treating physician" (ECF No. 11 at ¶70) and that she was indifferent to his medical needs.

"There is little doubt that deliberate indifference to an inmate's serious medical need is a clearly established constitutional right." *Mata v. Saiz*, 427 F.3d 745, 749 (10th Cir. 2005). And

9

claims arising from a failure to prevent prisoner suicide "are considered and treated as claims based on the failure of jail officials to provide medical care for those in their custody." *Gaston v. Ploeger*, 229 Fed. Appx. 702, 709-710 (10th Cir. 2007) (internal quotation marks and citation omitted).

Here, the Plaintiffs allege that Defendant's failure to confer with decedent's treating physician, failure to confer with family members, failure to request medical records, and failure to meet with decedent for an adequate amount of time collectively constitute deliberate indifference. As a medical professional, Defendant knew or should have known that she had a duty to provide medical care to decedent, and Plaintiffs' allegations that Defendant did not provide adequate psychiatric care sufficiently allege deliberate indifference and violation of a clearly established right. The Court reiterates that it declines to evaluate the merits of the deliberate indifference or causation issues at this juncture. The Magistrate Judge did not err in finding that a duty to provide medical care is clearly established in case law thereby defeating Defendant's qualified immunity defense at the motion to dismiss stage.

Accordingly, on this record, Defendant's Objection to the denial of dismissal is overruled and the recommendation that Plaintiffs' Fourteenth Amendment claim should proceed is accepted.

### IV. CONCLUSION

Based on the foregoing, the Court **ORDERS** as follows:

(1) That the Recommendation and Order of United States Magistrate Judge (ECF No. 37) is **ACCEPTED**;

(2) That Defendant's Objections to Recommendation of United States Magistrate Judge (ECF No. 15) are **OVERRULED**;

(3) That Defendant's Motion to Dismiss (ECF No. 15) is **GRANTED** in part and **DENIED** in part as set forth in the Recommendation and Order of the United States Magistrate Judge. (ECF No. 37).

DATED this 14th day of November, 2017.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge